UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA,<br><br>Respondent. | No. 1:18-cv-1202-LJO-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF JURISDICTION**<br><br>**(Doc. 1)** |

Petitioner, Vester L. Patterson, proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner filed his petition for writ of habeas corpus on September 4, 2018. Petitioner previously filed a petition for writ of habeas corpus in this District on March 15, 2018. *Patterson v. Sullivan*, 1:18-cv-00361-DAD-EPG. On October 22, 2018, United States Magistrate Judge Erica P. Grosjean filed findings and recommendation, in which she recommended dismissing Petitioner's petition for writ of habeas corpus for failure to state a cognizable federal claim. Because Petitioner has not sought leave of the Ninth Circuit Court of Appeals to file a second or successive petition, the undersigned recommends that the Court dismiss the petition.

---

[1] Petitioner labeled his petition a Writ of Mandamus; however, Petitioner is challenging his underlying conviction. The Court must liberally construe pro se pleadings. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Therefore, the Court construes the petition as a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

1

I. **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pled were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

II. **No District Court Jurisdiction Over Second or Successive Petition**

Because Petitioner filed this petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A) ("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Petitioner has not secured leave from the Ninth Circuit Court of Appeals to file the above-captioned petition. Accordingly, the Court recommends dismissing the petition for lack of jurisdiction.

**III.** **<u>Certificate of Appealability</u>**

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the

petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction over the petition to be debatable or wrong, or conclude that the issues presented required further adjudication. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

**IV.** **Conclusion and Recommendation**

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus with prejudice for lack of jurisdiction and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 26, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

4